IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONALD DEAN PETERSON, §
    Petitioner, §
§
v. § Civil Action No. 4:16-CV-253-O
§
LORIE DAVIS, Director,[1] §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ronald Dean Peterson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent.[2] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In 2011 Petitioner was indicted in Tarrant County, Texas, Case No. 1259837D, on one count of evading arrest or detention with a deadly weapon, a motor vehicle. Adm. R., Clerk's R. 5, ECF No. 15-5. On April 9, 2013, Petitioner entered an open plea of guilty to the offense and a plea of true to the deadly-weapon notice to a jury, and the jury assessed his punishment at ten years' confinement. *Id.* at 56. Petitioner appealed, but the appellate court affirmed the trial court's judgment

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

[2]Petitioner was confined at the Lindsey State Jail in Jacksboro, Texas, when he filed his petition, but TDCJ's website reflects that he is now confined at the Ramsey unit located at 1100 FM 655, Rosharon, Texas, 77583. Although Petitioner has not provided notice of his change of address, the clerk of Court is directed to change Petitioner's address of record accordingly.

and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.*, Docket Sheet 1-2, ECF No. 15-3. Petitioner also sought postconviction state habeas relief by filing five state habeas-corpus applications challenging his conviction. The first was denied by the Texas Court of Appeals without written order; the second was denied without written order on the findings of the trial court; and the last three were dismissed as subsequent petitions under article 11.07, § 4 of the Texas Code of Criminal Procedure. *Id.*, SH03, SH05, SH07, SH09 & SH11, ECF Nos. 15-21, 15-23, 15-25, 15-27 & 15-29.

## II. ISSUES

Petitioner raises three grounds for habeas relief:

1. His plea was involuntary because he was misinformed by the trial judge of the parole-eligibility consequences of a deadly-weapon finding.

2. His trial counsel was ineffective by–

    (a) failing to understand and convey the parole-eligibility consequences of a deadly-weapon finding;

    (b) failing to "provide the simple motions and reasonable degree of competence in pre-trail [sic] procedures"; and

    (c) failing to "properly and adequately develop any sentencing trial strategy."

3. He was denied due process because his trial counsel was given less than 24 hours to prepare for the punishment phase of his trial.

Pet. 6-7, ECF No. 3; Pet'r's Mem. 3, ECF No. 4.[3]

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither untimely nor a successive § 2254 petition.

---

[3]Petitioner's memorandum in support of his petition is not paginated. Thus, the pagination in the ECF header is used.

Resp't's Answer 4, ECF No. 17. She does believe, however, that claims 1, 2(a) and (c), and 3 are unexhausted and procedurally barred. *Id.* at 4, 8-12.

**IV. EXHAUSTION AND PROCEDURAL DEFAULT**

State prisoners seeking federal habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the factual and legal substance of the federal habeas claim has been presented to the highest court of the state in a procedurally proper manner, in this case the Texas Court of Criminal Appeals, on direct appeal or in state postconviction proceedings . *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Petitioner's claims 1, 2(a) and (c), and 3 were raised in Petitioner's third, fourth, and fifth state habeas applications, all of which were dismissed as subsequent applications under article 11.07, § 4. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West 2015). As such, they were not properly presented to or considered on the merits by the Texas Court of Criminal Appeals and are unexhausted for purposes § 2254(b)(1)(A).

A state prisoner is procedurally barred from obtaining federal habeas review of a claim raised in a state habeas application that was dismissed as subsequent, absent a showing of cause for failing to raise the claim in an initial state habeas petition and prejudice or a showing that he is actually innocent of the crime for which he stands convicted. *See Sawyer v. Whitley,* 505 U.S. 333, 338 (1992)*; Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991); *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000). Petitioner provides no excuse for his failure to properly exhaust the claims in state court nor has he filed a response to Respondent's answer or asserted, much less made a convincing showing, of actual innocence. In his state habeas applications, Petitioner explained that he did not

3

raise the claims in his previous state applications because he was unaware of the consequences of the deadly-weapon finding upon his parole-eligibility date and did not fully comprehend the ineffectiveness of his trial counsel. Adm. R., SH07, SH09 & SH11, ECF Nos. 15-25, 15-27 & 15-29. However, Petitioner's ignorance of the law or the legal significance of certain facts does not constitute cause for excusing the procedural default. *See Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Consequently, his claims 1, 2(a) and (c), and 3 are procedurally barred from this Court's review.

## V. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Id.* § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S.

4

362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[4]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

**B.  Ineffective Assistance of Counsel**

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. at 668,

---

[4]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court recently set out in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of Petitioner's ineffective-assistance claim was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle v. Cockrell,* 343 F.3d 440, 443 (5th Cir. 2003).

Under claim 2(b), Petitioner contends that his trial counsel was ineffective by failing, on numerous occasions, to provide the simple motions and reasonable degree of competence in pre-trail [sic] procedures." Pet'r's Mem. 3, ECF No. 4. Petitioner filed a similar claim in his state habeas application, alleging that counsel failed to file necessary motions with the court. Adm. R., SH05 WR-82,075-02 Writ Rec'd 13, ECF No. 15-23. As supporting facts, he provided, in relevant part (all spelling and punctuation errors are in the original):

> [Petitioner] hired Mr. Marsala for the purpose of enforcing the states original [4-year] plea proposal. The court granted an extension for time to file those motions and Mr. Marsala failed to prepare and file these motions. [Petitioner] has shown that he would have accepted the states original offer by retaining new counsel to file motions enforcing to do so. Counsel's failure has prejudiced [Petitioner] by him being sentenced to a much harsher sentence.

*Id.*

The state habeas judge, who also presided at Petitioner's trial, adopted the state's proposed findings of fact and conclusions of law on the issue, which included findings that counsel did file a "Motion to Require the State to Reoffer Plea Proposal" on March 28, 2013, and that Petitioner's claim was therefore without merit. *Id.* at 83-84. Applying the *Strickland* standard, the court concluded that Petitioner had failed to prove that counsel's representation fell below an objective standard of reasonableness or that counsel was ineffective. *Id.* at 89-90. In turn, the Texas Court of Criminal Appeals denied habeas relief on the findings of the trial court. *Id.*, SH04 WR-82,075-02 Action Taken, ECF No. 15-22.

The state asserts that Petitioner's voluntary and knowing guilty plea waives his claim. Resp't's Answer 18, ECF No. 17. Under well-established federal law, a knowing, intelligent, and voluntary guilty plea waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). The state habeas court found that Petitioner was properly admonished with respect to his guilty plea and that Petitioner had failed to allege "facts that show that his plea was involuntary." As such, the state court concluded that the presumption of regularity under article 1.15 of the Texas Code of Criminal Procedure applied to his plea. SH05 WR-82,075-02 Writ Rec'd 90-91, ECF No. 15-23.

7

Petitioner's ineffective-assistance claim does not challenge the voluntariness of his plea; thus, his guilty plea waived his claim that counsel failed to file necessary pretrial motions. Furthermore, to the extent Petitioner's federal claim corresponds with his claim in state court, he fails to rebut the presumptive correctness of the state court's factual findings with clear and convincing evidence or demonstrate that the state courts' adjudication of the claim is contrary to or an unreasonable application of *Strickland.*

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of December, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**